UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI QIU,<br><br>                           Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LaROSE; GREGORY J. ARCHAMBEAULT; KRISTI NOEM; PAMELA BONDI; and EXECUTIVE OFFICE OF IMMIGRATION REVIEW,<br><br>                         Respondents. | Case No.: 26-cv-1033-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Wei Qiu's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause, Respondents filed a return to the petition, and Petitioner filed a reply. ECF Nos. 4, 5. For the reasons set forth below, the Court **GRANTS** the petition.

                           **I.**      **BACKGROUND**

Petitioner, a native of China, originally entered the United States on December 15, 2023, near Tecate, California. ECF No. 1-2 at 4. Petitioner was found removable and was served with a Notice to Appear at that time. *Id.* Petitioner appears to have been released after his detention upon entry on his own recognizance. *Id.* at 11 (Immigration Judge Order recognizing that he was released on his own recognizance). Since, he has lived in the

greater Los Angeles area, where he works as an Uber driver and has built connections to the community. ECF No. 1 ¶ 48.

Petitioner was re-detained on December 6, 2025, when dropping off a customer. *Id.* ¶ 46. He is currently being detained at Otay Mesa Detention Center. *Id.* at 49. Petitioner claims that he sought a bond hearing, but was denied by the Immigration Judge upon a finding of lack of jurisdiction based on *Matter of Yajure Hurtado*. *Id.* ¶ 52.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

In his petition, Petitioner brings two claims: (1) Violation of the Immigration and Nationality Act based on the characterization under 8 U.S.C. § 1225(b) rather than § 1226(a) of his re-detention; and (2) Violation of Due Process based on his re-detention without notice, an individualized assessment of risk, and opportunity to be heard. *Id.* ¶¶ 54-63. He requests release from custody. *Id.* at 17. In their return, Respondents state that, pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), Petitioner is detained under 8 U.S.C.

§ 1226(a) and is entitled to a bond hearing. ECF No. 4. Respondents do not address the second claim Petitioner brings regarding due process.

### A. Bond Hearing

As a threshold issue, the Court will first address whether a bond hearing is an appropriate remedy. In the reply, Petitioner argues that it is not and the Respondents failed to address the constitutional concerns raised in the petition. ECF No. 5.

The Court agrees with Petitioner. Indeed, in several cases within this district where the petitioner raised a due process violation regarding re-detention after having been released on parole, the courts have rejected the same argument made by Respondents that the petitioner is only entitled to a bond hearing based on *Maldonado Bautista*. *See Naveen v. LaRose*, No. 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a class member under *Maldonado Bautista* and therefore only entitled to a bond hearing, rendering his other constitutional arguments moot); *Lozada v. Larose et al.*, No. 25CV3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process violation); *Garcia v. Noem et al.*, No. 25CV3759-LL-BLM, 2026 WL 194745 (S.D. Cal. Jan. 26, 2026) (same); *Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (same). Thus, despite Respondents' concession regarding a bond hearing, the Court finds it appropriate to address the constitutional violations raised in the petition.

### B. Due Process

Petitioner argues that his re-detention violates procedural due process because he was not given any notice, an individualized assessment of risk, and opportunity to be heard when he was re-detained in December 2025. As stated above, Respondents do not meaningfully address the procedural due process issue in their return. *See generally* ECF No. 4.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of

law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" or "OREC" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi*, 792 F. Supp. 3d at 1034-35. Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance with an accompanying I-220 form. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores v. Albarran*, No. 25-CV-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

      The Court agrees with all the foregoing courts and similarly holds that Petitioner has procedural due process rights arising from his existing conditional parole. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to

be heard regarding the revocation of said parole. *See generally* ECF No. 4. Accordingly, the Court joins these courts and finds that Respondents violated Petitioner's due process rights when they re-detained him in December 2025.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to <u>**immediately**</u> release Petitioner from custody, subject to any conditions of his preexisting parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by <u>**March 2, 2026**</u>, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Honorable James E. Simmons Jr.
United States District Judge